J-S35029-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| v. | : | |
| TIMOTHY JAY ADAMS | : | |
| Appellant | : | No. 562 MDA 2022 |

Appeal from the Order Entered September 2, 2021
In the Court of Common Pleas of Bradford County Criminal Division at
No(s): CP-08-CR-0000984-2013

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| v. | : | |
| TIMOTHY JAY ADAMS | : | |
| Appellant | : | No. 1684 MDA 2022 |

Appeal from the Order Entered April 12, 2022
In the Court of Common Pleas of Bradford County Criminal Division at
No(s): CP-08-CR-0000984-2013

BEFORE: BENDER, P.J.E., McLAUGHLIN, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY McLAUGHLIN, J.: **FILED JANUARY 30, 2023**

Timothy Adams appeals the orders entered by the Post Conviction Relief

Act ("PCRA") court. 42 Pa.C.S.A. §§ 9541-9546. We affirm the order entered

at docket 1684 MDA 2022 and quash the appeal at docket 562 MDA 2022.

---

[*] Former Justice specially assigned to the Superior Court.

The procedural history of this case, though complicated, is dispositive of this appeal. On March 3, 2014, Adams pleaded guilty to unlawful contact with a minor, obstructing administration of law or other government function, and the failure to verify address.[1] The court sentenced Adams to 63 to 132 months' incarceration. Adams did not seek any appeal.

In March 2020, we affirmed the denial of Adams' first PCRA petition. *See Commonwealth v. Adams*, 2020 WL 1303725 (Pa.Super. filed March 18, 2020) (unpublished memorandum). Approximately three months later, in June 2020, Adams, acting *pro se*, filed his second PCRA petition. The court issued a Rule 907 notice of its intent to dismiss the second petition. However, the corresponding docket entry erroneously states that the court denied the petition.

Without the court having in fact disposed of the second PCRA petition, Adams filed a third PCRA petition, again *pro se*, and a motion to appoint counsel. Before the court had ruled on the first request for counsel, he filed a second motion to appoint counsel. He also filed what he styled as a petition for a writ of *habeas corpus* and a "Notice of Motion to Vacate Judgment." The court did not rule on these filings.

Four days later, on July 12, 2021, the PCRA court gave a Rule 907 notice of its intent to dismiss the third PCRA petition.

> AND NOW, this 12[th] day of July, 2021, the Court hereby gives notice pursuant to Rule 907(a) of the Pennsylvania

---

[1] 18 Pa.C.S.A. §§ 6318, 5101, and 4915.1, respectively.

> Rules of Criminal Procedure that the Court is satisfied from review of the **petition filed February 12, 2021**, that there are no genuine issues concerning any material fact and that Defendant is not entitled to post conviction collateral relief, and no purpose would be served by any further proceedings. **The matter will therefore be dismissed, because the Motion for Post-Conviction Collateral Relief is untimely; this is petitioner's third Motion for post-conviction collateral relief and it was filed while his second motion was pending.** The judgment of sentence after a guilty plea was entered March 3, 2014. A PCRA petition must be filed within one year of the date the petitioner's judgment of sentence became final. 42 Pa.C.S.A. § 9545(b)(1). Thus, on April 3, 2015, the time to file a PCRA petition expired. Petitioner has not claimed any of the exceptions to the timeliness required such as newly discovered facts, interference by a government official or a newly-recognized constitutional right. 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii).
>
> Under Rule 907(a) of the Pennsylvania Rules of Criminal Procedure, Defendant is entitled to respond to the **proposed dismissal** within twenty (20) days of the date of this notice.

Order, filed 7/12/21 (emphasis added).

The court simultaneously dismissed the second PCRA petition. Adams did not appeal that dismissal. To date, the court has not ruled on the third petition.

Adams' second motion to appoint counsel came before a different judge than the judge who had previously been presiding, and, on July 19, 2021, the judge granted the motion. The court appointed counsel and directed counsel to review Adams' petition for *habeas corpus* and "Notice of Motion to Vacate Judgment." A week later, Adams filed a second *habeas corpus* petition and a third motion to appoint counsel. In an order dated August 3, 2021, the court

stated that considering Adams' second Petition for Writ of *Habeas Corpus* and a third Motion to Appoint Counsel and its order appointing counsel, "no further action is required at this time." Order, filed 8/3/21.

A few weeks later, on August 27, Adams filed a motion to change appointed counsel to stand-by-counsel and for an "emergency" hearing. The court responded by vacating the order appointing counsel. The order read:

> AND NOW, this 1st day of September, 2021, the undersigned having not realized that the Honorable Maureen T. Beirne had issued a previous order dated July 12, 2021 disposing of Defendant's requests for relief, which she noted was Defendant's "third Motion for post-conviction collateral relief," the Orders dated July 19, 2021 and August 3, 2021 improperly issued by the undersigned are null and void and hereby VACATED.

Order, filed 9/2/21.[2]

Adams then filed an "Amendment" asking the court to allow him to amend his *habeas corpus* petition.[3] Adams argued that **Commonwealth v. Neiman**, 84 A.3d 603 (Pa. 2013), had barred the Commonwealth from prosecuting anyone for failure to verify address. The court did not rule on the amendment. After a few weeks of silence, on September 20, 2021, Adams filed a Notice of "Intent" to appeal from the September order. **See** Notice of

_____

[2] On October 6, 2021, PCRA counsel filed a petition to withdraw. On October 13, the court entered an order stating that due to the order of the court from September 1, no counsel represented Adams. **See** Order, 10/13/21.

[3] The amendment is dated August 30, 2021.

- 4 -

Intent, timestamped 9/20/21. The trial court docketed this "Notice" as an appeal but never forwarded it to this Court.

In the fall of 2021, Adams sent the court a spate of petitions and motions. These included petitions for writs of *habeas corpus*, a motion to appoint counsel, and motions to vacate his sentence. By the end of 2021, the court had not ruled on any of these filings.

Adams filed in April 2022 a "Motion to Reconsider Writ of *Habeas Corpus* under Newly Discovered Evidence." The court denied the fall 2021 petitions.

> AND NOW, this 11th day of April, 2022, the Writ of Habeas Corpus/Correction of Sentence/Resentence filed November 29, 2021; the Petition to Litigate Legality of Sentence and the Jurisdiction of the Court filed October 15, 2021; the Petition to Clarify Record filed October 4, 2021; the Writ of *Habeas Corpus* filed September 27, 2021; the Motion to Reconsider Under new Standing Law filed September 29, 2021; the Motions to Vacate/Void Judgment filed September 27, 2021 and September 20, 2021; and the Petition filed September 17, 2021 are hereby denied.
>
> Defendant having filed a Motion to Withdraw the PCRA filed on October 18, 2021, it is deemed withdrawn.

Order, filed 4/11/22.[4] The next day, the court entered a separate order denying Adams' motion to reconsider the denial of his *habeas corpus* petition.

On the day the court dismissed the fall 2021 petitions, Adams filed a document he styled as an "Appeal *Nunc Pro Tunc*" with this Court. We sent the filing to Bradford County and explained that it was incorrectly filed directly

---

[4] The order references a motion to reconsider filed on September 29. This appears to be a typographical error by the court as Adams filed the motion on September 24.

with this Court rather than the PCRA court. Upon receipt, the PCRA court entered an order stating that it deemed the filing a "petition" to appeal *nunc pro tunc*. The court directed Adams to file an amended petition and give reasons for his request. Adams responded that he wanted to appeal *nunc pro tunc* from the order vacating the order appointing counsel.

Inexplicably, Bradford County then returned the same document styled as an "Appeal *Nunc Pro Tunc*" to this Court for filing. This time, our prothonotary docketed it as an appeal, at 562 MDA 2022. We entered a Rule to Show Cause stating that the appeal did not state the order from which Adams appealed. Adams responded that he was appealing from the order vacating the order appointing counsel.

We then issued a second Rule to Show Cause as to why the appeal should not be quashed as untimely. Adams responded that he filed a notice of appeal on September 19, which was within 30 days of the order's entry, but never received a response from the trial court. He attached a copy of a notice of appeal, dated September 19. However, it is not in the certified record. Adams also stated that he filed a notice of appeal on April 11 after the trial court directed him to do so. He attached a copy of the document he filed and it is titled, "Amended Writ of *Habeas Corpus* Appeal *Nunc Pro Tunc*," and dated April 25, 2022. The Court discharged the rule to show cause and notified this panel of the issue, for disposition.

Adams also filed a Notice of Appeal in Bradford County from the order denying the fall 2021 petitions. **See** Notice of Appeal, filed 4/20/22. Bradford

- 6 -

County erroneously docketed the appeal as an appeal to the Commonwealth Court. However, this Court never received a transferred appeal from Commonwealth Court. We therefore entered an order on December 14, 2022, directing the Clerk of Courts of Bradford County to strike the reference to Commonwealth Court from the docket entry. We also directed this Court's prothonotary to docket the appeal and consolidate it with the original appeal docketed at 562 MDA 2022. This is the appeal at 1684 MDA 2022.

We now turn to the issues Adams raises on appeal:

I. Whether the [PCRA] court erred:

a. In refusing to review the claims raised in [Adams'] *habeas corpus* petitions as allowed by **Commonwealth v. Lacombe**?

b. Treating [Adams'] *habeas corpus* as an untimely PCRA and refusing to review claims raised?

c. In vacating the July 19, 2021, court order that would have allowed [Adams] to address the claims raised in *habeas corpus*?

Adams' Br. at 4 (answers of PCRA court omitted).

None of these issues relate to the order denying the fall 2021 petitions. That is the order at issue in the appeal at 1684 MDA 2022. To the extent that he wished to challenge that order, he has waived any such challenge by failing to present any issue related to that order. We therefore affirm the order appealed at docket 1684 MDA 2022.

As for the appeal at 562 MDA 2022, we quash it not as untimely, but because it is from a non-final order. An appeal may be taken from a final

order. ***See*** Pa.R.A.P. 341(a). "An order granting, denying, dismissing, or otherwise finally disposing of a petition for post-conviction collateral relief shall constitute a final order for purposes of appeal." ***Id.*** at 341(f)(1). Here, Adams challenges the order vacating previous orders. This order did not grant, deny, dismiss, or otherwise finally dispose of a PCRA petition. ***See id.***. Instead, it vacated prior orders that also were not final. One order appointed counsel and the other stated, "no further action is required at this time." Order, filed 8/3/21. Thus, the September 2 order is not a final order. As such, this appeal must be quashed.

Finally, a word about Adams' first issue. Adams maintains that the court erred in "preventing [Adams] from arguing the merits of his Amended Writ of *Habeas Corpus*" that he filed on September 3. Adams' Br. at 13. However, the PCRA court never ruled on that filing. Therefore, an appeal addressing this petition is premature, since no order has been entered. ***See*** Pa.R.A.P. 903(a) (stating notice of appeal is filed from "**the order** from which the appeal is taken") (emphasis added).

Appeal quashed at docket 562 MDA 2022. Order affirmed at docket 1684 MDA 2022. "Petition to Strike Judgment" denied.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/30/2023